UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CENTENNIAL BANK, as successor in
interest to Coastal Community Bank,

    Plaintiff/Counter-Defendant,

v.                                                  CASE NO.: 5:12-cv-24-RS-EMT

DEVER DEVELOPMENT COMPANY, STEVEN
MITCHELL DEVER a/k/a MITCH DEVER, et al.,

    Defendants/Counter-Plaintiffs,

and

DEVER DEVELOPMENT COMPANY, STEVEN
MITCHELL DEVER a/k/a MITCH DEVER,

    Defendant/Counter-Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for Coastal Community Bank,

    Counter-Defendants.
_____

## CONSENT FINAL JUDGMENT OF FORECLOSURE

Before me is the Joint Motion for Entry of Consent Final Judgment of Foreclosure (Doc. 24).

IT IS ORDERED:

1.     The Court has jurisdiction over the parties and the subject matter hereof.

2.     Plaintiff, CENTENNIAL BANK, as successor in interest to Coastal Community Bank, whose mailing address is 12141 Panama City Beach Parkway, Panama City Beach, FL 32407, is due:

| | |
|---|---|
| Principal: | $667.500.00 |
| Interest to 04/06/2012 (per diem of $120.52) | $104,129.99 |
| <u>Attorneys' fees:</u><br>Finding as to reasonable number of hours:  <u>72.9 hrs - attorney (partner)/ 22.50 hrs - attorney (associate)/ 15.9 hrs - paralegal</u><br>Finding as to reasonable hourly rate: <u>$250-attorney/$75 paralegal</u> | |
| Attorneys' fees total: | $23,355.00 |
| Attorneys Fees/Costs Paid to Derrick Bennett: ($4,500.50 minus court costs, lis pendens and service of process) | $2,566.50 |
| Court costs, now taxed: | $1,905.00 |
| Other: Service of Process | $20.00 |
| Lis Pendens | $9.00 |
| Amended Lis Pendens | $9.00 |
| Court Reporter: Coastal Reporting | $130.00 |
| Late Charges: | $572.46 |
| Other: | |
| Mediation Fee: Harrison, Sale, et al. | $510.00 |
| Appraisal Fee: Robert Brooks | $750.00 |
| **TOTAL** | **$802,818.49** |

that shall bear interest at the rate of 4.75% a year.

2.	Plaintiff, CENTENNIAL BANK, holds a lien for the total sum, superior to all claims or estates of Defendants, DEVER DEVELOPMENT COMPANY, STEVEN MITCHELL DEVER a/k/a MITCH DEVER and PROSPERITY BANK, on the following described property in Bay County, Florida, (the "Property"):

**SEE ATTACHED EXHIBIT "A"**

3.	If the total sum with interest at the rate prescribed by law and all costs of this action accruing subsequent to this judgment are not paid prior to the commencement of the sale by the United States Marshal, ("the Marshal"), the Marshal is ordered and directed to sell the Property at public sale.

4.	Pursuant to Fed. R. Civ. P. 69, the procedures for sale shall be in accordance with the practice and procedure in the State of Florida as provided in Chapter 45, Florida Statutes (2009) except that title shall vest in the purchaser pursuant to a United States Marshal's Deed issued after confirmation of any sale by this Court.

5.	Plaintiff is authorized to bid at the sale and any bid by the Plaintiff shall be credited against the indebtedness due the Plaintiff. Plaintiff shall advance all subsequent costs of his action and shall be reimbursed for them by the United States Marshal if Plaintiff is not the purchaser of the Property at the sale. If Plaintiff is the purchaser at the sale, the United States Marshal shall credit Plaintiff's bid with the total sum of this judgment with interest and costs accruing subsequent to this judgment or such part of it as is necessary to pay the bid in full.

6.	Upon the sale being made, then the United Sates Marshal is directed to make a report and accounting of the proceeds realized from the sale, if any, and the bidder, or bidders, at such sale and report the amount of the sale for confirmation. The United States Marshal shall file the report

of sale with the Court no later than fifteen (15) days after the sale. Upon the sale being made, the United States Marshal shall retain the proceeds thereof until Order Confirming Sale is entered by the Court.

7. Upon the sale being made of the Property and confirmed by this Court, the Court shall direct the United States Marshal to execute a United States Marshal's Deed to the Property. At said time, the Defendants and all persons claiming under or against them since the filing of the Notice of Lis Pendens are foreclosed of all estate or claim in the Property and the purchaser at the sale shall be let into possession of the Property.

8. The United States Marshal shall distribute the proceeds of the sale in accordance with the Order Confirming the Sale.

9. On the Order Confirming Sale, the United States Marshal will execute and deliver the United States Marshal's Deed to the purchaser at the sale. Plaintiff shall prepare the United States Marshal's Deed. The purchaser at the sale shall pay for and be responsible for affixing to the United States Marshal's Deed any documentary stamps or taxes imposed upon the recordation of the Deed.

10. <u>If the subject property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to the final judgment of foreclosure. If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the United States Marshal no later than 60 days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds. If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to</u>

claim any money to which you are entitled.  Please check with the United States Marshal within ten (10) days after the sale to see if there is additional money from the foreclosure sale.

11. At any time before the filing of an Order of Confirmation of Sale, Defendants may cure the indebtedness adjudicated due herein and prevent a foreclosure sale by paying the amount of monies specified in this judgment, plus the reasonable expenses of proceeding to foreclosure incurred to the time of the tender, including reasonable attorneys' fees of the Plaintiff.  Otherwise, there is no right of redemption.

12. The Court reserves jurisdiction over the Parties to adjudicate any liability relative to Plaintiff's Complaint or any amendments thereto and to make such further orders as may be appropriate, including, but not limited to, an order for the issuance of a Writ of Assistance should possession be contested and an Order for Deficiency Judgment, if one is sought.

**ORDERED** on April 12, 2012.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**